United States District Court
District of South Carolina

| | | |
|---|---|---|
| Bernard McFadden, # 202223; | ) | C/A No. 3:05-0887-27BC |
| Plaintiff, | ) ) ) | **Report and Recommendation** |
| v. | ) ) | **for Summary Dismissal** |
| Desiree R. Allen, Court Services Manager; Margaret T. Sullivan, Official Court Reporter for Sumter County Court of General Sessions, in their individual or personal and official capacities; | ) ) ) ) ) | |
| Defendants | ) ) | |

The Plaintiff, Bernard McFadden, (hereafter, "the Plaintiff"), is a state prisoner proceeding *pro se*. He seeks relief pursuant to Title 42 United States Code § 1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

**BACKGROUND**

The Plaintiff was convicted in the Court of General Sessions for Sumter County, South Carolina in 2003. He states that he has sought Post-Conviction Relief (PCR) in the Sumter County Court of Common Pleas under S.C. Code Annotated § 17-27-10 through § 17-27-160. See 2005-CP-43-0110. The Plaintiff also indicates that he is represented by an attorney in his PCR proceedings. His Complaint in this action is directed against a Defendant employed by the South Carolina Court Administration and the Court Reporter who made the official record of his criminal trial. The Plaintiff's sole claim against these parties is that they have failed to provide him with audiotapes of the proceedings rather than a transcript.

1

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## NO JURISDICTION

United States District Courts, as federal courts established by the United States Congress, are limited in their jurisdiction to "federal question" and "diversity" cases pursuant to 28 U.S.C. § 1331 and § 1332. An action for violation of civil rights under 42 U.S.C. §1983 is a "federal question" case which means that Congress establishes by statute the basis contours of litigation to enforce its provisions. The courts, however, must interpret and apply those statutory provisions in specific cases.

Federal courts are not authorized to interfere with a State's ongoing proceedings absent extraordinary circumstances. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971). The Plaintiff has failed to allege such extraordinary circumstances in this case.

If the Plaintiff believes that his constitutional rights are violated by the policies of the South

2

Carolina Court Administration, especially as it affects his PCR application, he should so inform his attorney and seek relief in that proceeding. The United States Court of Appeals for the Fourth Circuit, in which this Court is located, has directed the federal district courts to abstain from constitutional challenges which have been or could be presented in ongoing state judicial proceedings. Cinema Blue of Charlotte, Inc., v. Gilchrist, 887 F. 2d 49, 50-53 (4th Cir. 1989). The Plaintiff cannot seek monetary damages in this Court. He has available remedies in the very state court proceeding in which he claims to suffer legal prejudice.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the action. However, to protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Even applying liberal construction to the Complaint in this action, it is clear that he has failed to state a claim and that this action is frivolous.

The Defendants should not be required to answer this Complaint. It is therefore recommended that this action be dismissed without prejudice and without issuance or service of process. It is also recommended that this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff's attention is directed to the Notice on the following page.

                              Respectfully Submitted,

March 28, 2005                                s/Joseph R. McCrorey
Columbia, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
